```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/08/2020
```



101 Park Avenue, 17th Floor
New York, NY 10178
Tel (212) 878-7900  Fax (212) 692-0940
www.foxrothschild.com

ALEXANDRA L. SOBOL
Direct No: 212.878.7998
Email: ASobol@FoxRothschild.com

> **APPLICATION GRANTED:** The Show Cause Hearing scheduled for <u>Thursday, January 9, 2020 at 3:30 p.m.</u> is hereby adjourned.
>
> **APPLICATION GRANTED**
>
> *Katharine H. Parker*
>
> Hon. Katharine H. Parker, U.S.M.J.
> 01/08/2020

January 8, 2020

**VIA ECF**

The Honorable Katharine Parker
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

Re: <u>Wells Fargo Bank, N.A. v. Tienes Hambre?, Inc. et al. - Case 1:18-cv-12075</u>

Dear Judge Parker:

This Firm represents Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") in the above-referenced interpleader action. We write to inform the Court of new developments that obviate the need for a hearing on Wells Fargo's default judgment motion against Defendant Tienes Hambre?, Inc. ("Tienes Hambre"), which is currently scheduled for January 9, 2020 at 3:30 PM.

As Your Honor is aware, on October 23, 2019, Wells Fargo filed a default judgment motion against Tienes Hambre. [ECF Nos. 38-41]. On December 2, 2019, the Court issued an Order directing Tienes Hambre to appear and show cause on January 9, 2020 at 3:30 p.m. as to why an Order should not be entered granting Wells Fargo's default judgment motion against it [ECF No. 42]. The Order further provided that Wells Fargo serve a copy of the Order and all default judgment motion papers on Tienes Hambre within five (5) business days and file proof of service on the docket. On December 9, 2019, Wells Fargo filed the requisite affidavits of service, indicating that the default judgment papers and Order were served on Tienes Hambre via Certified Mail on December 4, 2019 and via service on the Secretary of State on December 5, 2019 [ECF Nos. 43-44].

Despite being contacted numerous times by Wells Fargo prior to this lawsuit being filed (including several requests for authorization to debit his account), and despite being served with court documents related to this action on several occasions, it was not until George Sosa-Miklakos, the principal/account holder of Tienes Hambre, received the default judgment motion papers that he finally appeared and contacted my firm. He has since provided authorization to Wells Fargo to

A Pennsylvania Limited Liability Partnership

California  Colorado  Delaware  District of Columbia  Florida  Georgia  Illinois  Minnesota  Nevada
New Jersey  New York  North Carolina  Pennsylvania  South Carolina  Texas  Virginia  Washington



withdraw the $21,922.39 in restrained funds from his account. This will enable Wells Fargo to return the funds to Defendant Craig Supplies, Inc. ("Craig Supplies") less Wells Fargo's reasonable attorney's fees and costs, which it is entitled to as a disinterested stakeholder under both: (a) applicable law; and (b) its Deposit Account Agreement. Accordingly, Wells Fargo no longer intends to pursue a default judgment against Tienes Hambre.

My office is in contact with Craig Supplies' counsel to coordinate the transfer of the funds, including discussing the issue of Wells Fargo's fees and costs being deducted from the restrained amount at issue in this case. Once the parties finalize an agreement, Wells Fargo intends to dismiss the action. We are optimistic that no further action will be needed from the Court, but we will advise the Court accordingly in the immediate future.

We thank the Court for its attention to this matter.

Respectfully submitted,

Alexandra L. Sobol


cc:     All Counsel [via ECF]